UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JIMMIE LEE PFEFFER, INDIVIDUALLY AND ON BEHALF OF A CLASS OF SIMILARLY SITUATED INDIVIDUALS, § § § § *Plaintiff*, § § v. § § HSA RETAIL, INC., § § *Defendant*. § | Civil Action No. SA-11-CV-959-XR |

### ORDER

On this day, the Court considered Defendant's Motion to Dismiss (Docket Entry No. 4). For the following reasons, the Court **DENIES** the motion.

### Factual Background[1]

On October 31, 2011, Plaintiff Jimmie Lee Pfeffer ("Plaintiff") withdrew cash from an ATM machine located at 26715 US HWY 281 N that was owned and operated by Defendant HSA Retail, Inc. d/b/a Carry On ("Defendant"). Plaintiff was assessed a $1.50 ATM surcharge fee for the transaction. While it is not disputed that the ATM machine had an on-screen notice regarding the transaction fee, Plaintiff alleges that the ATM did not have an additional sign affixed to it, or within close proximity to it, advising Plaintiff that such a transaction fee may be charged.

Plaintiff claims that the lack of such an additional notice "on or at" the ATM machine constitutes a violation of the Electronic Funds Transfer Act ("EFTA") because the EFTA requires an ATM to provide both an on-machine notice and an on-screen notice advising consumers that a

---

[1] The facts contained in this factual background summary are those alleged by Plaintiff's Original Class Action Complaint. (Docket Entry No. 1).

1

fee may be imposed for conducting a transaction.[2]  Plaintiff does not ask for actual damages but seeks statutory damages, costs, and attorney's fees under 15 U.S.C. § 1693m.

## Procedural Background

Plaintiff filed his class action complaint in the United States District Court for the Western District of Texas on November 15, 2011. (Docket Entry No. 1). Defendant filed both a motion to dismiss and an answer to the complaint on December 23, 2011. (Docket Entry Nos. 4 and 5). Plaintiff filed motions for class certification and for consolidation on January 23, 2012. (Docket Entry Nos. 10 and 11). At this time, the Court will limit its discussion to Defendant's Motion to Dismiss (Docket Entry No. 4).

## Legal Standard

A pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The purpose of Rule 8 is to require parties to state their claims with sufficient clarity "to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S. Ct. 99, 2 L.Ed.2d 80 (1957)).

If a complaint fails to state a claim upon which relief can be granted, a court is entitled to dismiss the complaint as a matter of law. FED. R. CIV. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955). A claim is plausible

---

[2] The EFTA is codified at 15 U.S.C. § 1693 *et seq.* and its implementing regulation is at 12 C.F.R. § 205 *et seq.*

on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556, 127 S. Ct. 1955). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citation omitted). Rather, the court must be sure that the complaint alleges sufficient facts to move the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955. When considering a motion to dismiss under Rule 12(b)(6) the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)).

**Analysis**

*Plaintiff's Individual Claim Against Defendant*[3]

To establish a prima facie case under the EFTA, Plaintiff must establish, at a minimum, that Defendant operates an automatic teller machine as defined by statute, that Plaintiff was charged a transaction fee for withdrawing funds, and that the ATM provided insufficient notice of the transaction fee. 15 U.S.C. § 1693b. Plaintiff has alleged all of these elements. First, Plaintiff alleges, and Defendant admits, that Defendant operates an operated teller machine and that Plaintiff, a consumer, initiated an electronic fund transfer from its machine. Section 1693b defines an automated teller machine operator as any person who "(I) operates an automated teller machine at which consumers initiate electronic fund transfers; and (II) is not the financial institution that holds the account of such consumer from which the transfer is made." § 1693b(d)(3)(D)(i). Neither party suggests that Defendant, a convenience store operator, is a financial institution that holds Plaintiff's

---

[3] In its motion to dismiss, Defendant does not contend that Plaintiff's individual claim against Defendant should be dismissed. However, to be thorough, the Court will address the issue *sua sponte*.

account. Plaintiff also alleges, and Defendant does not deny, that Plaintiff was charged a $1.50 transaction fee at the ATM. Finally, Plaintiff alleges that Defendant violated § 1693b(d)(3) by failing to have a sign affixed to the ATM machine informing consumers that a surcharge may be imposed. Although Defendant contends that such a sign was in place, Answer ¶ 20 (Docket Entry No. 5), it makes no difference here because the Court must accept all well-pleaded facts as true when ruling on a Rule 12(b)(6) motion to dismiss. Therefore, the Court finds that Plaintiff has stated a plausible claim sufficient to survive a motion to dismiss.

In its answer, Defendant also raises several affirmative defenses. Answer ¶¶ 55-72 (Docket Entry No. 5). Dismissal of a complaint under Rule 12(b)(6) may be appropriate if a successful affirmative defense appears on the face of the pleadings. *See Kansa Reins. Co., Ltd. v. Cong. Mortg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994) (citation omitted). Here, however, the evaluation of Defendant's affirmative defenses would require an inquiry beyond the pleadings and is therefore inappropriate at this time. Consequently, the Court cannot dismiss Plaintiff's claim based on the affirmative defenses asserted in Defendant's answer.

The Court finds that Plaintiff's individual EFTA claim against Defendant has met the notice and plausibility requirements necessary to withstand a Rule 12(b)(6) motion to dismiss.

*Class Action Allegations*

Defendant's Motion to Dismiss focuses on Plaintiff's class action allegations and urges that the complaint should be dismissed because Plaintiff's proposed class fails to meet the requirements of Rule 23. The Court finds that Defendant's contentions are more appropriately characterized as arguments opposing a motion for class certification rather than as arguments supporting a Rule

12(b)(6) motion to dismiss. Thus, the Court declines to rule on Defendant's contentions until the arguments are properly presented in a response to Plaintiff's pending motion for class certification.

To determine if the class claims survive Defendant's Motion to Dismiss, the Court must consider if the class action allegations in Plaintiff's complaint meet Rule 8's minimal notice-pleading requirements. While Rule 8 requires only that the complaint put the defendant on notice as to what conduct is being called for a defense, it is nonetheless true that a class cannot be certified on claims not pleaded in the complaint. *Anderson v. U.S. Dep't of Hous. & Urban Dev.*, 554 F.3d 525, 529 (5th Cir. 2008).

Here, the class action allegations in Plaintiff's complaint meet such minimal pleading standards. Plaintiff's complaint seeks to certify a class consisting of all consumers who were charged a fee for withdrawing cash from Defendant's ATM located at 26715 US HWY 281 N. Plaintiff alleges that class members are entitled to relief because, pursuant to the EFTA, the ATM was required to have an additional notice attached to it or in close proximity of it advising consumers of the transaction fee. As a result of Plaintiff's allegations, Defendant has been put on notice of what specific conduct it will be required to defend itself against. Therefore, Plaintiff's complaint meets the minimal notice pleading standards necessary to survive a motion to dismiss.

Defendant strenuously argues that Plaintiff's class claims do not meet the requirements of Rule 23. While it is true that a district court must conduct a rigorous analysis of the Rule 23 prerequisites before certifying a class, *Castano v. American Tobacco Co.*, 84 F.3d 734, 744 (5th Cir. 1996) (citing *Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 161, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982)), a Rule 12(b)(6) motion to dismiss is not the proper forum for such an analysis. For proceedings in the United States District Court for the Western District of Texas, within 30 days of any defendant's

first pleading a plaintiff must timely file a motion for class certification that describes in detail why the action may be maintained as a class action under Rule 23. Local Court Rule CV-23. After the motion for certification is filed a defendant then has an opportunity to respond with arguments illustrating why certification is inappropriate. *See* Local Court Rules CV-7(d) and Appendix A(10). The process of filing, and responding to, a separate motion for class certification affords both parties an opportunity to provide focused arguments regarding the class certification issue and promotes justice by helping to ensure that a court hears completely from both sides before deciding whether to certify a class. This Court finds no reason to disrupt such a process here. Consequently, the Court declines to consider certification issues in detail until it considers Plaintiff's Motion for Class Certification.

## Conclusion

The Court finds that Plaintiff's complaint has met the notice and plausibility requirements necessary to survive a Rule 12(b)(6) motion to dismiss. Consequently, the Court **DENIES** Defendant's Motion to Dismiss (Docket Entry No. 4).

The Court will conduct a rigorous analysis of Rule 23's requirements and decide whether a class should properly be certified when the Court considers Plaintiff's Motion for Class Certification (Docket Entry No. 10). Defendant can, and should, assert its arguments against class certification by filing a response to that motion.

SIGNED this 31st day of January, 2012.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE