UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JIMMIE LEE PFEFFER, INDIVIDUALLY AND ON BEHALF OF A CLASS OF SIMILARLY SITUATED INDIVIDUALS, | § § § § | |
| *Plaintiff*, | § § | Civil Action No.  SA-11-CV-959-XR |
| v. | § § | |
| HSA RETAIL, INC., | § § § | |
| *Defendant*. | § § | |

**ORDER**

On this day, the Court considered Plaintiff's Motion for Consolidation (Docket No. 11). For the following reasons, the Court **DENIES** the motion.

**Background**

Plaintiff Jimmie Lee Pfeffer ("Plaintiff") filed this lawsuit against HSA Retail, Inc. d/b/a Carry On ("Defendant") on November 15, 2011, alleging a violation of the Electronic Fund Transfer Act ("EFTA"). Pl.'s Orig. Comp. (Docket No. 1). That same day, Plaintiff filed eight other lawsuits against eight different defendants, each alleging the same violation of the EFTA.[1] On January 23, 2011, Plaintiff filed a motion to consolidate all nine cases pursuant to Federal Rule of Civil Procedure 42. Pl.'s Mot. for Consolidation (Docket No. 11).  Defendant filed a response in opposition to Plaintiff's motion on January 26, 2011.  Def.'s Resp. (Docket No. 16).

---

[1] The case numbers of the eight other lawsuits are 5:11-cv-00961-FB, 5:11-cv-00962-OLG, 5:11-cv-00963-XR, 5:11-cv-00964-OLG, 5:11-cv-00965-HLH, 5:11-cv-00966-XR, 5:11-cv-00967-FB, and 5:11-cv-00968-XR. In all nine lawsuits, Plaintiff alleges that the defendants, ATM operators, violated the EFTA by failing to affix a notice to their ATMs, or within close proximity to their ATMs, informing consumers of a possible transaction fee.

1

## Legal Standard

Federal Rule of Civil Procedure 42 permits consolidation of multiple actions if the "actions before the court involve a common question of law or fact." FED. R. CIV. P. 42(a). The purpose of consolidation is to "avoid unnecessary costs or delay." *Frazier v. Garrison I.S.D.*, 980 F.2d 1514, 1532 (5th Cir. 1993) (quoting FED. R. CIV. P. 42(a)). Federal district courts have very broad discretion in deciding whether or not to consolidate. *Id.*

Factors for the court to consider when determining whether consolidation is appropriate include (1) whether the actions are pending before the same court, (2) whether common parties are involved in the cases, (3) whether there are common questions of law or fact, (4) whether there is risk of prejudice or confusion if the cases are consolidated, and if so, whether the risk is outweighed by the risk of inconsistent adjudications of factual and legal issues if the cases are tried separately, and (5) whether consolidation will conserve judicial resources and reduce the time and cost of trying the cases separately. *In re Enron Corp. Sec., Derivative, & "ERISA" Litig.*, Civ. A. Nos. H-01-3624, H-03-5528, H-04-0087, H-04-0088, 2007 WL 446051, at *1 (S.D.Tex. Feb. 7, 2007) (citing *Rodriguez v. Torres*, Nos. Civ. B-04-036, B-04-037, B-04-043, 2004 WL 2952612, at *1 (S.D.Tex. Nov. 22, 2004)). A mere contention that failure to consolidate cases might lead to inconsistent decisions is insufficient justification for a court to consolidate an action. *Frazier*, 980 F.2d at 1532.

## Analysis

Because all nine cases involve different defendants and independent fact scenarios, the risks of consolidation outweigh any potential benefits. Consequently, the Court finds that consolidation of the cases is inappropriate.

Other than the fact that they assert the same legal claim by the same plaintiff, the nine actions that Plaintiff seeks to consolidate are completely unrelated. Each case involves a different defendant, each of which is a different corporate entity. Plaintiff does not allege that any of the defendants acted in concert with one another or that any of the defendants were even aware of one another's activities. Not only do the cases involve nine different defendants, but each case involves entirely independent fact scenarios as well. The facts in each case involve different ATM machines at different locations that were used at different times. Thus, determination of liability in each case will require the evaluation of entirely different witness testimony and evidence.[2]

Since the cases consist of different defendants and independent fact scenarios, the potential risks and burdens of consolidation outweigh any potential benefits. The risk of prejudice to the defendants and juror confusion at trial are sizeable. If the cases were consolidated, defendants might be prejudiced during discovery by being forced to reveal confidential or sensitive information to one another that would not otherwise be disclosed. At trial, the risk of confusion is salient because jurors might have difficulty keeping track of the details in nine different fact scenarios, especially since the disposition of each matter entails the evaluation of entirely different pieces of evidence.

While the risks of juror confusion and prejudice to the defendants are palpable, the benefits of consolidation are slim. The disposition of each case requires separate, individualized inquiries,

---

[2] For example, in order for Plaintiff to prevail on his EFTA claim in each case, he must show that the ATM did not have a conspicuous transaction fee notice "on or at" the machine at the time of Plaintiff's transaction. 15 U.S.C. § 1693b(d)(3). However, an ATM operator would not be liable for failing to affix a fee notification to the ATM if such a notice had properly been posted on the ATM but was subsequently removed by a person other than the ATM operator. § 1693h(d). Therefore, to determine liability, the Court will have to conduct an individualized inquiry in each case to establish (1) whether a properly placed notice ever existed on the ATM and, if the notice is found to have existed, (2) whether it was later removed by an individual other than the ATM operator.

so few judicial resources would be saved by consolidating the actions.³ As a result, the benefits of consolidation are significantly outweighed by the drawbacks. Accordingly, the Court finds that consolidation of the actions is not appropriate.

## Conclusion

Because each case involves a different defendant and requires an individualized inquiry of different facts, the potential risks of consolidation outweigh the potential benefits. Consequently, the Court finds that consolidation of the actions is inappropriate and **DENIES** Plaintiff's Motion for Consolidation (Docket No. 11).

It is so ORDERED.

SIGNED this 6th day of February, 2012.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

³ Plaintiff contends that any risk of prejudice is outweighed by the risk of inconsistent adjudication of common factual and legal issues. Pl.'s Mot. for Consolidation ¶ 5 (Docket No.11). The Court disagrees. As discussed above, common facts are not presented in any of the cases; rather, each case involves an independent incident. Moreover, since the purpose of Rule 42 is to avoid unnecessary costs or delay, not to ensure the uniformity of decisions, the mere possibility of inconsistent holdings on legal issues does not provide sufficient justification for consolidation.